UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Sean P. Miner**<br><br>    Plaintiff<br><br>v.<br><br>**Capital Management Services, LP** and<br>**Atlantic Credit & Finance, Inc.**<br><br>    Defendants | **Complaint and Jury Demand** |

### Nature of the Case

1.    Plaintiff Sean P. Miner received a letter dated September 16, 2012 from a debt collector, defendant Capital, which stated that Capital was engaged by defendant Atlantic, also a debt collector, to collect on a credit card account of Miner's that Atlantic claimed to have purchased from the original creditor, HSBC. Miner disputed the debt in writing by certified mail and notified defendant Capital that a previous lawsuit on this account was already dismissed with prejudice in July 2012.  Capital continued to contact him in an attempt to collect the debt, sending another letter dated January 10, 2013. This violated the federal Fair Debt Collection Practices Act, the purpose of which is to eliminate abusive debt collection practices by debt collectors.

1

**Federal Jurisdiction and Venue**

2. The Court has jurisdiction because this case arises under the laws of the United States and is brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*.

3. Venue is proper in the District of Massachusetts because the defendants transact business here and a substantial portion of the acts giving rise to this action occurred here, pursuant to 28 U.S.C. § 1391(b).

**Parties**

4. Plaintiff Sean P. Miner ("Miner" or "Plaintiff") is a natural person residing in Saugus, Massachusetts.

5. Defendant Capital Management Services, LP ("Capital") is a Delaware limited partnership with its principal offices located in Buffalo, New York.

6. Defendant Atlantic Credit & Finance, Inc. ("Atlantic") is a Virginia corporation with its principal offices located in Roanoke, Virginia.

**Count I:**
**Fair Debt Collection Practices Act**

7. The preceding allegations are incorporated by reference.

8. Capital is in the business of collecting debts that are owed or alleged to be owed to third parties, and conducts its collection efforts via the mail and telephone.

9. Capital is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

10. Atlantic is in the business of collecting debts that are owed or alleged to be owed to third parties, and conducts its collection efforts via the mail and telephone.

11. Atlantic is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

12. At all relevant times, Capital has acted on behalf of Atlantic with respect to collection of the account at issue.

13. The account at issue was opened primarily for personal or household use, and therefore is a "debt" as defined by the FDCPA. 15 U.S.C. § 1692a(5).

14. On March 31, 2011, Atlantic filed a complaint against Miner in the Lynn District Court, docket #1113CV175, seeking damages relating to account ending in 1215, a debt which Atlantic claimed to have purchased from the original creditor HSBC.

15. Atlantic failed to prove it had any legal right to collect on the account and on May 16, 2012 dismissed the case with prejudice. (**Exhibit 1**.)

16. On September 16, 2012, Capital sent a letter to Miner stating that Capital had been retained by Atlantic to collect on the dismissed HSBC account. (**Exhibit 2**.) This letter was the initial communication Capital had with Miner.

17. By attempting to collect on a debt that was no longer valid as a matter of law, Capital and Atlantic violated 15 U.S.C. § 1692f(1).

18. By attempting to collect on the HSBC account Atlantic falsely represented the character, amount and legal status of the debt in violation of 15 USC § 1692e(2).

19. By authorizing its agent, Capital, to contact Miner directly after having received notice that Miner was represented by an attorney in an action regarding the same debt, Atlantic violated 15 U.S.C. § 1692c(a)(2).

20. Miner denied owing any amount to Atlantic in relation to the HSBC account, so in response to Capital's letter, Miner sent a letter via certified mail on October 20, 2012 advising Capital that the action (brought by Atlantic) regarding this disputed debt was dismissed with prejudice in the Lynn District Court earlier in 2012. (**Exhibit 3**.)

21. Ignoring this, Capital then sent another collection letter to Miner on January 10, 2013 about the same account, again asking for him to make payment. (**Exhibit 4**.)

22. By harassing Miner with additional written demands after Miner notified them that the debt was not valid, Capital and Atlantic violated 15 U.S.C. § 1692d.

23. By again attempting to collect on a debt that it knew was not valid as a matter of law, Capital and Atlantic violated 15 U.S.C. § 1692f(1).

24. By contacting Miner again after knowing that Miner was represented by an attorney in an action regarding the same debt, Capital and Atlantic violated 15 U.S.C. § 1692c(a)(2).

25. Miner has been damaged as a result of Atlantic's violations, including inconvenience, loss of time, mental anguish at having his rights violated, anxiety, and tension.

26.     Miner has been damaged as a result of Capitol's violations, including inconvenience, loss of time, mental anguish at having his rights violated, anxiety, and tension.

## Request for Relief

WHEREFORE, Miner requests that the Court issue judgment in his favor and against defendant Capital and defendant Atlantic, and as well as the following relief:

a) A judgment that Capital violated the FDCPA;

b) A judgment that Atlantic violated the FDCPA;

c) Actual and compensatory damages, including for emotional distress;

d) Statutory damages against Capital;

e) Statutory damages against Atlantic;

f) Costs, interest, and attorney fees; and

g) All other relief to which he is entitled at law or in equity.

## Jury Demand

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ *Josef C. Culik*
Josef C. Culik (BBO #672665)
CULIK LAW PC
18 Commerce Way, Suite 2850
Woburn, Massachusetts 01801
Tel  (617) 830-1795
Fax  (617) 830-1576
jculik@culiklaw.com

Attorney for Plaintiff Sean P. Miner

February 21, 2013